**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Jhadha S. King, )
    *Plaintiff,* )
     )
v. )
     )
The City of West Palm Beach, and )   Case No.: 9:24-cv-80931
Markus McIntosh, individually, )
    *Defendants*. )
_____/

**COMPLAINT**

    **COMES NOW**, Jhadha S. King, by and through undersigned counsel, seeks money damages in excess of $100,000.00, exclusive of costs, interest and attorneys' fees and sues The City of West Palm Beach and Markus McIntosh, in his individual capacity, and states:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action for damages more than $100,000.00 (one-hundred thousand dollars) plus taxable costs.

2. This is an action which meets this Court's jurisdictional threshold.

3. Jhadha King's claims are presented pursuant to Florida Statute 768.28; 42 U.S.C. §1983; the 4th Amendment to the Constitution of the United States of America.

4. All acts and occurrences material to this cause of action were committed in Palm Beach County, Florida.

**PARTIES**

5. Jhadha King [hereinafter Plaintiff] is a resident of the State of Florida, domiciled in Palm Beach County, Florida.

6. Defendant, City of West Palm Beach [hereinafter, Defendant City] acted through its agents, employees and servants.

7. Defendant, Markus McIntosh [hereinafter, Defendant McIntosh] is an adult resident of the State of Florida and at all times material to the present allegations was employed by The City of West Palm Beach in the capacity of a law enforcement officer. Defendant McIntosh is sued in his individual capacity.

## CONDITIONS PRECEDENT

8. All conditions precedent to the prosecution of this action have occurred, or have been performed, excused, or waived.

9. Plaintiff forwarded a written notice of claim to Defendant City which was acknowledged by written correspondence from the City's agent on November 17, 2020.

## GENERAL ALLEGATIONS & FACTS COMMON TO ALL COUNTS

10. On August 1, 2020, the Plaintiff attempted to patronize Publix Market located at 375 South Rosemary Avenue, West Palm Beach, Florida 33401.

11. Upon reaching the store's entrance Plaintiff was met by the Defendant who was working in a uniformed law enforcement capacity.  Defendant McIntosh, a sergeant employed by West Palm Beach Police Department, was authorized by the city to perform continuous extra-duty police services during the store's hours of operation by the department.

12. The Defendant City specifically authorized and provided guidelines for engagement of privately compensated extra-duty law enforcement functions by its police personnel for public safety, health and welfare services in addition to those already provided to the public.

13. Plaintiff's encounter with Defendant McIntosh at the store's threshold entrance was abrupt and loud. He would not allow Plaintiff to enter the store to return merchandise. Other patrons entered and exited the store, some with assistance from McIntosh, during the verbal exchange between Plaintiff and Defendant McIntosh.

14. At some point, while at the store's entrance, Plaintiff asked to speak with the store's manager. Defendant McIntosh refused to allow Plaintiff to make contact with this individual.

15. After it became apparent that the Defendant McIntosh would not convey the Plaintiff's request to speak with the store manager, Plaintiff and Defendant McIntosh continued their verbal exchange. Defendant McIntosh became enraged and yelled as Plaintiff began to depart from the entrance door.

16. Plaintiff walked and backed up towards the store's parking lot as Defendant McIntosh continued to yell at, then threaten to "put her in jail."

17. Defendant McIntosh then suddenly, and without provocation, pursued and grabbed Plaintiff's arm in an attempt to manhandled her to the ground. He attempted to perform a kicking leg sweep maneuver to knock Plaintiff off her feet. Plaintiff was then lifted and forcibly thrown to the ground striking her head and back.

18. Plaintiff was pinned to the ground while Defendant McIntosh twisted and contorted her body and arm while verbally chastising and applying his weight upon her.

19. While on her back, Defendant McIntosh knelt on Plaintiff's throat for several seconds.

20. The physical use of force was captured by citizens and, in part, Defendant McIntosh's police body-worn camera (Defendant claimed his camera inadvertently fell off or was knocked off).

21. Plaintiff sustained a concussion, entered traumatic brain injury protocol, cervical and vertebrae injury, facial, nose and body contusions and scaring.

## COUNT I (ONE)

### CLAIM FOR EXCESSIVE FORCE (BATTERY) AGAINST DEFENDANT, CITY, COGNIZABLE UNDER FLORIDA LAW

For her cause of action against Defendant City, in Count I, Plaintiff re-alleges and adopts, as if fully set forth, the allegations contained in paragraphs 1-21 and would further state:

22. Defendant McIntosh at all times relevant to this incident was an agent or employee of Defendant City, acting under color of law and was in his course and scope of employment.

23. Defendant McIntosh did intentionally and unlawfully touch Plaintiff by grabbing her arm, deliberately and forcefully performing a painful leg sweeping maneuver then lifting and slamming Plaintiff, causing her to strike her head and back upon the ground.

24. While on her back, Defendant McIntosh knelt on Plaintiff's throat for several seconds.

25. Defendant McIntosh then straddled Plaintiff, unnecessarily pulling and contorting Plaintiff's prone body while she was physically restrained on the ground by McIntosh thereby causing pain and physical injuries to the Plaintiff.

26. Defendant McIntosh did intentionally and unlawfully touch Plaintiff by also deliberately twisting Plaintiff's arm while continuing to physically force her to lay upon the ground.

27. The use of force by Defendant McIntosh was likely to, and actually did result in physical injury, pain and physical discomfort to Plaintiff.



28. The Plaintiff did not consent to Defendant McIntosh's use of force. The use of such force was neither justifiable nor excusable.

29. The conduct of Defendant City's agent towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary use of force resulting in a series of excessive force against Plaintiff.

30. As a result of the actions of Defendant City's agent and employee, Plaintiff has suffered and continues to suffer damages which include: physical pain and suffering, physical discomfort, medical expenses for past, continued and future treatment, loss of past and future income, mental anguish and emotional suffering, embarrassment, humiliation, and the accrual of legal expenses.

**WHEREFORE**, Plaintiff demands judgment against City for compensatory damages in excess of $100,000.00, and costs of this action together with any post judgment interest, all equitable relief and requests a jury trial of all issues so triable.

## COUNT II (TWO)

### CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANT MCINTOSH, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant McIntosh, individually in Count II, Plaintiff re-alleges and adopts, as if fully set forth, the allegations contained in paragraphs 1-21 and would further state as follows:

31. Defendant McIntosh at all times relevant to this incident was an agent or employee of Defendant City, acting under color of law and was in his course and scope of employment.

32. Defendant McIntosh did intentionally and unlawfully touch Plaintiff by grabbing her arm, deliberately and forcefully performing a painful leg sweeping maneuver then lifting and slamming Plaintiff, causing her to strike her head and back upon the ground.

33. While on her back, Defendant McIntosh knelt on Plaintiff's throat for several seconds.

5



34. Defendant McIntosh then straddled Plaintiff, unnecessarily pulling and contorting Plaintiff's prone body while she was physically restrained on the ground by McIntosh thereby causing pain and physical injuries to the Plaintiff.

35. Defendant McIntosh did intentionally and unlawfully touch Plaintiff by also deliberately twisting Plaintiff's arm while continuing to physically force her to lay upon the ground.

36. The use of force by Defendant McIntosh was likely to, and actually did result in substantial physical injury, pain and physical discomfort to Plaintiff.

 

37. The Plaintiff did not consent to Defendant McIntosh's use of force. The use of such force was neither justifiable nor excusable.

6

38. The conduct of Defendant City's agent towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary use of force resulting in a series of excessive force against Plaintiff.

39. The conduct of Defendant McIntosh towards Plaintiff, as more fully set forth above, was also in violation of Plaintiff's clearly established constitutional rights under the 4th Amendment of the United States Constitution; 42 U.S.C. Section 1983; and Florida law.

40. As a direct and proximate result of the actions of Defendant McIntosh, in violation of 42 U.S.C. Section 1983, Plaintiff suffered and continues to suffer damages which include:

physical pain and suffering, physical discomfort, medical expenses for past, continued and future treatment, loss of past and future income, mental anguish and emotional suffering, embarrassment, humiliation, and the accrual of legal costs and fees incurred all in violation of Plaintiff's civil rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant McIntosh for compensatory and exemplary damages, and costs of this action together with any post judgment interest, imposition of reasonable attorney fees pursuant to 42 U.S.C. § 1988, and, any and all equitable relief and requests a jury trial of all issues so triable.

Respectfully Submitted,

*s/ Kevin R. Anderson*
Kevin R. Anderson, Esq.
Florida Bar No.: 0044857
andewelch@andersonandwelch.com
Anderson & Welch, LLC
500 S. Australian Ave., 6th Floor
West Palm Beach, FL 33401-6237
Telephone: 561-832-3386
Facsimile: 561-820-4867
*Attorney for the Plaintiff*